UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILAGROS GIL,                                        CASE NO.: 8:24-cv-00059

       Plaintiff,

v.

WAL-MART STORES, EAST, LP d/b/a
WAL-MART and PSI GENERAL
CONTRACTORS,

       Defendants.
_____/

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

Defendants WAL-MART STORES EAST, LP, ("Walmart") and PSI GENERAL CONTRACTORS, ("PSI"), jointly, ("Defendants"), through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, remove to this Court the action filed in the 6th Judicial Circuit Court in and for Pasco County, Florida, Case No. 23-CA-000960, with full reservation of rights, exceptions and defenses, and in support thereof states:

    **I.    FACTUAL BACKGROUND**

    1.    On or about March 18, 2023, Plaintiff commenced this action by filing a Complaint against Defendants in the 6th Judicial Circuit Court in and for Pasco County, Florida. *See* Pl.'s Compl. attached as **Ex. A**.

    2.    Plaintiff's Complaint was served on Walmart on August 2, 2023, and served on PSI on July 31, 2023. *See* Service of Process attached as **Composite Ex. B**.

CASE NO.: 8:24-cv-00059

3. Plaintiff alleges a claim for negligence against Defendants because of injuries she allegedly sustained when she slipped and fell on an allegedly uneven floor during the course of construction undertaken by PSI on September 21, 2022, while at the subject Walmart premises. *See* Ex. A at ¶¶7,8.

4. Plaintiff's Complaint makes a claim for damages exceeding $50,000.00. *See* Ex. A at ¶1.

5. On or about December 18, 2023, Plaintiff served her Answers to Walmart's Interrogatories. Plaintiff's response to Interrogatory # 11 includes a list of medical bills allegedly incurred because of the incident at Walmart exceeding $75,000.00 in value. *See* Notice of Plaintiff's Answers to Walmart's Interrogatories attached as **Ex. C**.

6. This matter is removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

7. Defendants attach and make a part of this notice a copy of the process, pleadings, and other papers filed in the 6th Judicial Circuit in and for Pasco County together with a docket sheet from the Clerk of the Court. *See* attached as Composite **Ex. D**.

8. Defendants reserve the right to amend all defenses and objections in this action after the action is removed to this Court.

CASE NO.: 8:24-cv-00059

## II. REMOVAL IS TIMELY

9. In accordance with 28 U.S.C. § 1446(b)(1), Defendants file this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiff's Answers to Walmart's Interrogatories. Plaintiff's Verified Answers to Walmart's Interrogatories is the initial "other paper" from which Walmart first ascertained that the case is one which is or has become removable. 28 U.S.C.A. § 1446 (3)(A). Therefore, the thirty (30) day period commenced on December 18, 2023, when Plaintiff served her Answers to Walmart's Interrogatories.

10. A case is properly removable on the basis of answers to interrogatories as long as the claim is indeterminate from the complaint or otherwise. Plaintiff's Complaint made a claim for damages exceeding $50,000.00. Plaintiff's December 18, 2023, Answers to Walmart's Interrogatories is the first indication that the case is one which is removable. Therefore, the running of time for removal began on December 18, 2023.

11. Venue exists in the United States District Court for the Middle District of Florida because the 6th Judicial District in and for Pasco County, where Plaintiff filed her state court Complaint, is located in Pasco County Florida, which is located within the United States District Court for the Middle District of Florida.

## III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

12. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of

CASE NO.: 8:24-cv-00059

different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A. Citizenship of MILAGROS GIL

13. Plaintiff is a resident of Pasco County, Florida. *See* **Ex. A** at ¶2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

14. Plaintiff's Pasco, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of WAL-MART STORES EAST, LP

15. At the time of the alleged incident, and currently, Walmart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as **Ex. E**.

CASE NO.: 8:24-cv-00059

### C. Citizenship of PSI GENERAL CONTRACTORS

16. At the time of the alleged incident, and currently, PSI General Contractors, is and has been a citizen of Georgia, incorporated in and with a principal place of business in Georgia. *See* State of Georgia Amended Annual Registration attached as **Ex. F.**

### IV. AMOUNT IN CONTROVERSY

17. The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $50,000.00 jurisdictional minimum, it is clear from Plaintiff's Answers to Walmart's Interrogatories that her claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See Fleming v. Colonial Stores*, Inc., 279 F. Supp. 933, 934 (N.D. Fla. 1968) (holding that a case is properly removable on the basis of answers to interrogatories.); *see also Basso v. United Wisconsin Life Ins. Co.,* No. 97-573-CIV-GRAHAM, 1997 WL 401584, at *1 (S.D. Fla. Apr. 27, 1997) (holding that when an initial complaint fails to indicate that the amount in controversy exceeded $75,000.00, a Defendant may properly remove at a later date when they receive evidence related to the amount in controversy in the form of an interrogatory answer.).

18. Plaintiff's response to Interrogatory # 11 in Plaintiff's Notice of Filing Answers to Walmart's Interrogatories conclusively establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. *See* **Ex. C**.

19. This evidence demonstrates the Plaintiff's claimed damages in the instant case exceeds $75,000.00. Accordingly, Defendants have shown by a preponderance of

CASE NO.: 8:24-cv-00059

the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff, PSI, and Walmart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Defendants will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 6th Judicial Circuit in and for Pasco County, Florida.

WHEREFORE, Defendants, WAL-MART STORES EAST, LP, and PSI General Contractors, respectfully request the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 23-CA-000960, on the docket of the Court for the 6th Judicial Circuit in and for Pasco County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

*(THIS SPACE INTENTIONALLY LEFT BLANK)*

CASE NO.: 8:24-cv-00059

                                      Respectfully submitted,

                                      **LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Wal-Mart Stores East, LP*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
service@lgplaw.com

By:   */s/ Christine M. Manzo*
       CHRISTINE M. MANZO
       Florida Bar No. 52121

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for PSI General Contractors*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
(813) 509-2677
Dorice.voecks@csklegal.com
Peyton.rydell@csklegal.com

By:   */s/ Dorice R. Voecks*
       DORICE R. VOECKS
       Florida Bar No. 117991
       PEYTON A. RYDELL
       Florida Bar No. 1029133

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of January, 2024 I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: **Ryan L. Gilbert, Esq.,** (ryan@ryangilbertlaw.com) (office@ryangilbertlaw.com), Ryan Gilbert Law, PLLC, 2112 SW 34th Street, Suite 387, Gainesville, Florida 32608.

                                      */s/ Christine M. Manzo*
                                      CHRISTINE M. MANZO